# CHARLESTON.

YOKUM v. SNYDER *et al.*

Submitted June 11, 1896—Decided Nov. 21, 1896.

42 357
55 448

42 357
e62 203

42 357
s64 662

SALE OF LAND FOR TAXES—TAXES—SCHOOL FUND.

All lands proceeded against as liable to sale for the benefit of the school fund, and not sold before the 25th day of February, 1893, must be proceeded against under the provisions of chapter 105 of the Code as amended and re-enacted by chapter 24 of the Acts of 1893.

FRANK WOODS for appellants, cited Code 1869, c. 105; Acts 1882, c. 95; Code 1891, c. 105; Acts 1893, c. 24; Suth. Stat. Const. §§ 137, 165, 394; Bish. Writ. Law, § 249; 37 W. Va. 762, 777; 24 W. Va. 561; Acts 1885, c. 46, s. 5; 22 W. Va. 404; Code 1869, c. 31, s. 34; Acts 1863, p. 157; Acts 1875, c. 54, s. 23; Acts 1879, c. 73, s. 23; Acts 1881, c. 12, s. 23; Acts 1885, c. 16, s. 23; Acts 1869, p. 90; Acts 1872-3, c. 117, s. 39; Acts 1882, c. 130, s. 39; 2 Herm. Est. §§ 752, 754, 759; 2 Exch. 654; 51 Md. 590, 591; 1 Blackw. Tax Tit. §§ 312, 316, 320; Code, c. 31, s. 39; 40 W. Va. 521.

HOLT, PRESIDENT:

On appeal from a decree of the Circuit Court of Randolph county on the 15th day of May, 1895, giving William Snyder and Henry Snyder the right to redeem a certain tract of land of one thousand acres, which was pro-

ceeded against by the commissioner of school lands of Randolph county as forfeited.

On the 14th day of January, 1882, George W. Yokum, commissioner of school lands for Randolph county, presented and caused to be filed in the circuit court of that county a report in which he set forth that the Snyder tract of land of one thousand acres, situated in Randolph county, on Burgoo and Big Run branches of Elk river, was forfeited for non-entry on the land books of Randolph county, and he asked that the same might be surveyed, which was accordingly ordered.   On the 20th day of September, 1883, he filed his petition, praying, among other things, that said one thousand acres might be decreed to be sold for the benefit of the school fund.   The Snyders filed their petition on the 19th of October, 1891, claiming to be still the owners of this tract, and to have the right to redeem the same.   The cause was referred to Commissioner J. B. Ward, who returned and filed his report September 4, 1891, setting forth as due the taxes from the year 1861 to the year 1891, both inclusive; that the land was forfeited for omission from the land books; that the Snyders were the owners thereof, and had the right to redeem the same.

On the 16th day of December, 1891, William Porter and others, the appellants, filed their petition denying the forfeiture, and asserting ownership by virtue of a tax sale made by the sheriff of Webster county in the year 1869, and denying the right of the Snyders to redeem.

On the 23d day of February, 1893, chapter 24 of the Acts of 1893 was passed, taking effect from its passage. The nineteenth section of that act required that all suits and proceedings for the sale of forfeited, waste, and unappropriated and escheated lands, instituted since the 12th day of March, 1891, where there had been no sale, should be discontinued and dismissed, and that the other lands mentioned therein, which were liable to sale for the benefit of the school fund, should be proceeded against and sold under the provisions of this act.   It is needless to say that was not done in this case.   For example, it nowhere appears that the notice required by section 8 of this act of 1893 to be published and posted by the commissioner was

ever published—a very important matter, for this proceeding is intended to bind everybody, the unknown owners and claimants as well as those who are known; and I take it for granted that the heirs and devisees of Robert D. McCutcheon are well known.

The important questions seem to me to be: (1) Is the land forfeited? (2) If so, did any one take the benefit of the forfeiture? (3) And, if not, who has the right to redeem? These questions are not presented in this record in such a way, and against such parties, as to enable us to hear and determine them in the same manner and in all respects as questions are heard and determined in suits in chancery. What are we to do with the answers of Porter and others to the petition of the Snyders, to which we can find no replication by mention or otherwise, or with the apparent right of McCutcheon's devisees? A proper bill or amended bill in chancery should be commenced and prosecuted, by and in the name of the state of West Virginia, for the sale of this one thousand-acre tract in the manner now required by law, making the proper parties.

Therefore, the decree complained of is reversed, and the cause remanded for further proceedings.

---

# CHARLESTON.

